JACOB STRADER, ROBERT BUCHANAN, JOHN McCORMICK, JOHN R. CORAM, JOSEPH SMITH, JAMES JOHNSON, AND GEORGE C. MILLER, TRUSTEES OF THE COMMERCIAL BANK OF CINCINNATI, *v.* HENRY BALDWIN.

Where the defendant pleaded his discharge under the Bankrupt Act of 1841 passed by Congress, and the plea was allowed, the plaintiff cannot bring the case to this court to be reviewed, under the twenty-fifth section of the Judiciary Act.

The defendant pleaded a privilege or exemption under a statute of the United States, and the decision was in favor of it.

The case must, therefore, be dismissed, for want of jurisdiction.

THIS case was brought up, from the Supreme Court of the State of Ohio, within and for the County of Hamilton, by a writ of error issued under the twenty-fifth section of the Judiciary Act.

The case arose in this way.

Baldwin was a clerk in the Commercial Bank of Cincinnati. In 1844, the trustees of the bank brought an action of assumpsit against him for $ 10,000. Baldwin pleaded, amongst other matters, that he had received a discharge under the bankrupt law passed by Congress. The plaintiffs filed a replication, that the debt was contracted whilst Baldwin was acting in a fiduciary capacity, and therefore not discharged from the debt. The defendant demurred to this replication, which demurrer was sustained by the Superior Court, and also by the Supreme Court of Ohio on error.

The plaintiffs then brought the case to this court, under the twenty-fifth section of the Judiciary Act.

It was argued by *Mr. Walker*, for the plaintiffs in error, and *Mr. Lincoln*, for the defendant in error.

The question of jurisdiction was not argued by either counsel.

Mr. Justice GRIER delivered the opinion of the court.

This case is brought here by a writ of error to the Supreme Court of Ohio.

As the power of this court to review the decisions of State tribunals is limited to certain specified cases and conditions, the

first inquiry which necessarily presents itself is, whether we have jurisdiction.

The plaintiffs in error instituted this suit in the Superior Court of Cincinnati. The declaration has the common counts in assumpsit. The defendant appeared and pleaded his discharge under the act of Congress of the 19th of August, 1841, to "establish a uniform system of bankruptcy, &c." The plaintiffs denied the validity of this discharge, on the ground that the debt was incurred by defendant while acting as clerk or book-keeper in the Commercial Bank, and therefore "acting in a fiduciary capacity."

The Supreme Court of Ohio gave judgment for the defendant, and the plaintiffs prosecuted their writ of error to this court.

The twenty-fifth section of the Judiciary Act, which is the only source of our authority in cases like the present, gives this court jurisdiction to "reëxamine" the judgment of a State court only where the decision "is against the title, right, privilege, or exemption specially set up or claimed" under an act of Congress.

The plaintiffs in this case have set up no act of Congress in their pleadings, under which they support their claim or title to recover. It is the defendant who has pleaded a privilege or exemption under a statute of the United States, and relies upon it as his only defence. If the decision of the State court had been against him, his right to have his case reëxamined by this court could not be doubted. But the decision has been in favor of the right set up under the statute, the validity of which was denied by the plaintiffs. We have no jurisdiction to entertain a writ of error to the Supreme Court of Ohio at their suggestion.

This case must, therefore, be dismissed, for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Ohio, within and for the County of Hamilton, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed, for the want of jurisdiction.