## SUPREME COURT.

HECTOR McLEAN as assignee, &c., agt. JOSEPH B. HOYT.

*Readjustment of costs — where costs have been adjusted without notice — what
relief party entitled to — must be asked for in one motion.*

A party complaining of any proceeding in a cause, must embody all his
objections in one motion; the court will not permit him to make sepa-
rate motions for each objection he may have to make.

Where costs had been adjusted and inserted in the judgment without
notice of adjustment, on motion by plaintiff for an order setting aside
the adjustment of costs and for readjusting the same, it is not only
competent but under the practice, as settled, the plaintiff has the right
to require, as part of the order, a provision for the amendment of the
judgment and docket.

But where, upon a motion for readjustment, the moving party neglects
to include this provision in the relief sought, a subsequent motion, for
such purpose, will be denied.

*Monroe Special Term, August,* 1878.

MOTION, by plaintiff, to amend judgment by deducting
therefrom the item of ten dollars costs taxed and included in
the judgment, or that the judgment, as to costs, be reduced
by deducting therefrom ten dollars, and judgment roll and
docket be accordingly amended.

*J. Van Voorhis,* for motion.

*T. Bacon,* opposed.

ANGLE, J.— In *Watson* agt. *Gardner* (50 *N. Y.,* 671) the
reporter's note represents the court as holding that where a

McLean agt. Hoyt.

readjustment of costs is ordered the amount of any reduction should be deducted from the judgment. In *Tracy* agt. *Humphrey* (1 *Code Rep.* [*N. S.*], 197) costs had been adjusted and inserted in the judgment without notice of adjustment; afterwards notice of readjustment was served with an offer to indorse on the execution the costs disallowed on the readjustment, then a motion was made to set aside the judgment for irregularity in adjusting costs without notice; the motion was denied and in the opinion it is said "but the plaintiffs, before proceeding to enforce said judgment, are to give fresh notice of adjustment of costs and deduct from the execution whatever amount shall, on such readjustment, be deducted from the costs. *The record and docket of judgment must be amended if any deduction be made on such readjustment.*" I have underscored the portion of the opinion more pertinent to the present motion. In *Potter* agt. *Smith* (9 *How.*, 262, 265) the court at special term quote, as above, from the opinion in *Tracy* agt. *Humphrey*, and justice HARRIS concludes by saying "I think such should be the settled practice of the court." This practice is approved in *Champion* agt. *Plymouth Cong. Society* (42 *Barb.*, 441–444). Following the above opinions, as properly stating the practice, this motion should be granted in some form unless another point, made by defendant's counsel, is well taken, viz., that the special term orders of November 26, 1877, and of May 30, 1878, stand in the way. The order of November 26, 1877, recites that "the plaintiff, having moved at this term for an order setting aside the adjustment of costs in this action and for readjusting the same and for other relief," after hearing counsel, &c., and the reading of affidavits, &c., the order proceeds "and the defendant, having stipulated to deduct ten dollars, being the term fee for October term, 1875, from the amount of costs included in the judgment herein, and having filed such stipulation with proof of the service of a copy thereof on plaintiff's attorney, ordered that said motion be and the same is hereby denied, but without costs."

McLean agt. Hoyt.

The order of May 30, 1878, does not appear to need special consideration in this connection, for it clearly does not stand in the way of the present motion either when its subject-matter or its form is considered, so that this question turns upon the force to be given to the order of November 24, 1877, and, in that connection, a stipulation should be considered which defendant's attorney served on plaintiff's attorney, dated December 24, 1877, viz.: "The defendants, in the above entitled action, hereby stipulate to deduct ten dollars from the amount of costs included in the judgment herein."

This stipulation has been served since the date of the order of November 26, 1877, and it is among the moving papers here and it is probably the stipulation referred to in the order or grows out of it.

In the cases above cited (*from* 1 *Code Rep.* [*N. S.*] *and* 9 *How.*) the amendment of the judgment and docket was part of the relief granted on the motion to set aside the judgment; it was granted in connection with the order for retaxation of costs. It would not only have been competent, but, under the practice as stated in these cases, the plaintiff had the right to require, as part of the order on his former motion, a provision for the amendment of the judgment and docket. He had a right to include that in the relief sought by his first motion. This appears to me to bring the present motion under *Palmer* agt. *Mulligan* (2 *Cai. R.*, 380), *Desmond* agt. *Woolf* (6 *Leg. Obs.*, 389; *S. C.*, 1 *Code Rep.*, 49), *Mills* agt. *Thursby* (16 *How.*, 114), and it must be denied with costs.