Angle, J.
In Watson agt. Gardner (50 N. Y., 671) the reporter’s note represents the court as holding that where a *352 readjustment of costs is ordered the amount of any reduction should be deducted from the judgment. In Tracy agt. Humphrey (1 Code Rep. [N. S.], 197) costs had been adjusted and inserted in the judgment without notice of adjustment; afterwards notice of readjustment was served with an offer to indorse on the execution the costs disallowed on the readjustment, then a motion was made to set aside the judgment for irregularity in adjusting costs without notice; the motion was denied and in the opinion it is said “but the plaintiffs, before proceeding to enforce said judgment, are to give fresh notice of Adjustment of costs and deduct from the execution whatever amount shall, on such readjustment, be deducted from the costs. The record cmd docket of judgment must be a/mended if <my deduction be made on such readjustment.” I have underscored the portion of the opinion more pertinent to the present motion. In Potter agt. Smith (9 How., 262, 265) the court at special term quote, as above, from the opinion in Tracy agt. Humphrey, and justice Habéis concludes by saying “ I think such should be the settled practice of the court.” This practice is approved in Champion agt. Plymouth Cong. Society (42 Barb., 441-444). Following the above opinions, as properly stating the practice, this motion should be granted in some form unless another point, made by defendant’s counsel, is well taken, viz., that the special term orders of November 26, 1877, and of May 30, 1878, stand in the way. The order of November 26, 1877, recites that “the plaintiff, having moved at this term for an order setting aside the adjustment of costs in this action and for readjusting the same and for other relief,” after hearing counsel, &e., and the reading of affidavits, &c., the order proceeds “ and the defendant, having stipulated to deduct ten dollars, being the term fee for October term, 1875, from the amount of costs included in the judgment herein, and having filed such stipulation with proof of the service of a copy thereof on plaintiff’s attorney, ordered that said motion be and the same is hereby denied, but without costs.”
*353 The order of May 30,1878, does not appear to need special consideration in this connection, for it clearly does not stand in the way of the present motion either when its subject-matter or its form is considered, so that this question turns upon the force to be given to the order of ¡November 24, 1877, and, in that connection, a stipulation should be considered which defendant’s attorney served on plaintiff’s attorney, dated December 24, 1877, viz.: “ The defendants, in the above entitled action, hereby stipulate to deduct ten dollars from the amount of costs included in the judgment herein.”
This stipulation has been served since the date of the order of ¡November 26, 1877, and it is among the moving papers here and it is probably the stipulation referred to in the order or grows out of it.
In the cases above cited (from 1 Code Rep. [N. S.] and 9 How.) the amendment of the judgment and docket was part of the relief granted on the motion to set aside the judgment; it was granted in connection with the order for retaxation of costs. It would not only have been competent, but, under the practice as stated in these cases, the plaintiff had the right to require, as part of the order on his former motion, a provision for the amendment of the judgment and docket. He had a right to include that in the relief, sought by his first motion. This appears to me to bring the present motion under Palmer agt. Mulligan (2 Cai. R., 380), Desmond agt. Woolf (6 Leg. Obs., 389; S. C., 1 Code Rep., 49), Mills agt. Thursby (16 How., 114), and it must be denied with costs.