OPINION. Tietjens, Judge: On brief the petitioner narrowed its grounds for relief from those set forth in the petition to the following two, both of which are based on section 722 (b) (4) of the Internal Revenue Code of 1939: (a) That it commenced business during or immediately prior to the base period, or (b) that in the same period it changed the character of its business. The relevant portions of section 722 (b) (4) are set forth below.[1] The respondent argues that we are precluded from considering the merits of petitioner’s case by the doctrine of collateral estoppel; that is, the questions for decision in this case were put in issue and decided by this Court in the previous case involving petitioner’s claims for relief from excess profits taxes for the calendar years 1940, 1941, and 1942, there having been no intervening change in the controlling facts and the applicable legal principles. In opposition the petitioner makes two arguments: (1) That collateral estoppel is not applicable to this proceeding because “* * * the situation [has been] vitally altered between the time of the first judgment and the [present] * * * ,” Commissioner v. Sunnen, 333 U. S. 591, 600 (1948) ; and (2) If collateral estoppel is applicable here, it bars only a “change in the character of the business” argument under section 722 (b) (4), which, petitioner contends, was the only question put in issue, litigated, and decided in the prior proceeding. At the hearing the petitioner argued also that collateral estoppel does not preclude a showing of a change in the character of its business if the change is for reasons other than those relied on in the prior proceeding, but this argument was not pursued in petitioner’s brief. When the Supreme Court in Commissioner v. Sunnen, supra, referred to the situation’s being “vitally altered” since the judgment in the prior suit, it was stating one of the limitations on the application of the principle of collateral estoppel — viz, when the same issue is presented in a second suit between the same parties the principle of collateral estoppel should not be applied to preclude a consideration of the merits of this issue if there has been an intervening change in the applicable legal principles, statutory law, or Treasury regulations; but the facts should be examined anew in light of the change in the law and a fresh determination made. The change in the law relied on by petitioner here is the fact that, at the time of the hearing of this case there was pending in Congress a bill to provide judicial review of decisions of this Court in World War II excess profits tax cases. (S. 98-1, 83d Cong., 1st Sess.) Petitioner pointed out that at the time of the hearing this bill had passed the Senate and had been introduced in the House of '.Representatives. We might add that this bill was not enacted into law in the last Congress. We do not think this contention of petitioner 'warrants extended discussion. It is apparent from the Court’s opinion in the Sunnen case that what it meant by a change in the law was a change in the legal principles, statutory law, or regulations that would determine the legal consequences of the factual situation in both cases. The proposal relied on by petitioner has nothing to do with the law applicable to the merits of petitioner’s claims for excess profits tax relief. Addressing himself to the petitioner’s second argument the respondent contends that petitioner is attempting to relitigate here the “change in the character of business” issue under the guise of “commencement of business”; in other words, that petitioner has changed merely the name and not the substance of the argument presented in the prior proceeding. Further, the respondent insists that the “commencement of business” issue was in fact presented and decided in the prior proceeding and, accordingly, that the petitioner is collaterally estopped from litigating it again. We agree. The commencement issue was covered in the assignment of errors in the earlier case and whatever evidence petitioner thought was available with reference to the issue was there introduced. At least no further evidence is here sought to be put in on the merits, and the old record only is relied upon to establish a basis for relief. The petitioner emphasizes, however, the Court’s statement in the earlier opinion that “it [petitioner] makes no claim that it commenced business ‘during or immediately prior to the base period,’ ” but we do not think this statement is to be taken literally. Had no “claim” for relief been made based on commencement of business, petitioner would have been precluded from litigating it in this Court in the first place. Blum Folding Paper Box Co., 4 T. C. 795. We think the Court was simply pointing out why the “commencement” issue was not otherwise specifically commented on in the opinion. True, it was not further discussed in the opinion, but we think that was because it was not argued by the petitioner. This does not mean to us, however, that the claim was not before the Court and was not determined by the Court. The broad determination in the prior case can be summed up by quoting from the first and last paragraphs of the Court’s Opinion there, as follows: The petitioner claims relief in this proceeding solely under section 722 (b) (4), Internal Revenue Code. ******* We conclude and hold that petitioner has not shown it is entitled to relief under section 722 (b) (4) of the Internal Revenue Code. We also point out that the decision entered by the Court in the prior case was not couched in terms referring to but one clause contained in section 722 (b) (4). The decision was not that petitioner was not entitled to relief because of a change in the character of its business. Eather, the decision broadly stated that petitioner was not entitled to a refund of excess profits taxes “under the provisions of Section 722 (b) (4).” In reaching our conclusion that the “commencement” factor was before the Court in the prior case and there determined we have consulted the entire record in that case, including the pleadings. In our opinion, the failure of the petitioner to rely on the “commencement” factor or to argue the matter on brief did not take that factor out of the case. We are not willing to subscribe to the contention that having raised an issue and having presented evidence bearing on it, a petitioner can remove that issue from the case by failing to argue it and thereby preserve to himself an opportunity to litigate the question in a subsequent proceeding if he fails to get a favorable decision on the legal theories which he does argue. If such a contention prevailed, litigation could be continued indefinitely depending upon the ingenuity of counsel in marshalling the facts and rearranging the points of his arguments. The policy of the law is to the contrary. Cf. Harley Alexander, 22 T. C. 318.[2] It seems to us that all the petitioner now attempts to do is again to call the Court’s attention to the facts which were in evidence in the prior proceeding, but now, shifting emphasis and changing the course of its argument on those same facts, to have the Court find a basis for relief which, although it must have foundation in the same set of facts, in some way was passed over before. The Supreme Court in Chapman v. Smith et al., 57 U. S. 114, 183, pointed out long ago that “one criterion for trying whether the matters or cause of action be the same as in the former suit, is, that the same evidence will sustain both actions.” In our opinion, what petitioner does here is to ask us again to look at virtually the same evidence on which relief was previously denied and to see if this time we cannot give relief. In our opinion this is the very thing that the Sunnen case, supra, says petitioner cannot do. Paraphrasing slightly the language of this Court in George Kemp Real Estate Co., 17 T. C. 755, affd. (C. A. 2) 205 F. 2d 236, a section 722 case: The parties in both proceedings are the same. The matter raised in both proceedings is the same, namely, whether the petitioner is entitled to relief under the provisions of Internal .Revenue Code section 722, subsection (b) (4), and there has been no change in the applicable legal rules since the decision in the prior proceeding wras rendered. Under these circumstances, we conclude that the petitioner is not entitled again to litigate before this Court its claim for relief. Reviewed by the Court. Decision will be entered for the respondent. IveRN, dissents. SEC. 722. GENERAL RELIEF — CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. (a) Generad Rule. — In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. * * * (b) Taxpayers Using Average Earnings Method. — The tax computed under this sub-chapter (without the benefit of this section) shall be considered to be excessive and discriminatory In the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because— ******* (4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change In the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. An observation by Mr. Justice Holmes is here apposite. In United States v. California & Ore. Land Co., 192 U. S. 355, 358, he said: “the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim * * * and, a fortiori, he cannot divide the grounds of recovery.”