An avowry in
replevin,
shewing a con-
clusive      bar
to the action,
is a perfect
pleading, re-
quiring an ans-
wer; although
it follows im-
mediately af-
ter a plea of
property in a
stranger, it is
not to be con-
sidered as mat-
ter plead to in-
duce a return
of the proper-
ty, a party un-
der such plea
being entitled
to a return
without avow-
ry or conu-
sance.

THE PEOPLE, on the relation of OLIVER M. LOWNDS, *vs.*
NEW-YORK COMMON PLEAS.

MOTION for a mandamus. The grounds for the applica-
tion are fully stated in the opinion of the chief justice.

*R. Sedgwick,* for the relator.

*D. Codwise,* contra.

*By the Court,* SAVAGE, Ch. J. This is a motion for a
mandamus to the New-York common pleas, commanding
them to vacate a rule setting aside the default of the plaintiff
in an action of replevin, for not answering the defendant's
avowry. One Bernard Bagley brought replevin against
Oliver M. Lownds, the relator, for certain specified articles
of property. To the plaintiff's declaration, the defendant
pleaded, 1. *Non cepit;* 2. That the goods in question were
the property of Richard Pettit; and 3. Avowed the taking
as sheriff of New-York, by virtue of executions against Pettit,
and averred that the goods were in the possession and use of
Pettit at the time of the seizure and levy made by him, and
that the said goods were the proper goods and chattels of the
said Pettit, *absque hoc,* that they were the goods and chattels
of Bernard Bagley, concluding with a verification, and pray-
ing a return of the property. The plaintiff replied to the plea
*of property* in R. Pettit, but took no notice of the avowry.
The defendant entered the plaintiff's default for not answer-
ing the same, which, the common pleas set aside for irregu-
larity. The question is, whether the plaintiff should not have
answered the avowry. The court below did not consider it
a separate pleading, but reasons assigned by the defendant
why, his plea being found in his favor, a return of the goods
should be adjudged.

In replevin, the defendant may plead, avow or make cog-
nizance. If he plead in abatement, or in bar a plea which
does not involve the merits of the action, he must add an
avowry or cognizance, inducing a return of the goods. But

where any plea in bar, which tries the merits, shall be found in favor of the defendant, a return is adjudged without any such avowry or cognizance. Such an avowry is not traversable; and if the plaintiff traverse it, some of the cases say it is a discontinuance. In *Fort's* case, (*Salk.* 93,) the defendant pleaded *cepit in alio loco,* and made conusance, the plaintiff replied, and it was held a discontinuance. In *Butcher* v. *Porter,* (*Salk.* 94,) the defendant pleaded property in a stranger in abatement. Upon a demurrer, it was resolved, that property in a stranger may be pleaded either in abatement or bar; and that, upon a plea of property, the defendant shall have a return without an avowry. And in an anonymous case immediately following, it is said that the plea of *cepit in alio loco* is not enough, but the defendant must make an avowry *pro retorno habendo;* yet such avowry is not traversable, being only a suggestion to bring the party within the statute. So it is expressly laid down in 6 *Mod.* 103, that upon a plea of property in a stranger, there shall be a return without conusance. The other cases cited as I read them, support the same doctrine; and it has been expressly recognized by this court, in *Harrison* v. *McIntosh,* (1 *Johns. R.* 384,) where Kent, justice, says, that the plea of property in a stranger is a good plea, either in abatement or in bar, and entitles the party to a return without avowry.

The plea of property in Pettit, in this case, being sufficient of itself to induce a return, no avowry need be attached to such a plea. And the avowry which succeeds it, being a perfect pleading and shewing a conclusive answer to the action, required an answer. This avowry does not stop with averring a levy on the goods in the possession of Pettit, like the case of *Dunham* v. *Wyckoff,* decided this term (*post,*) but alleges that the goods were the property of Pettit. I am of opinion, that the default was regular and that the court erred in setting it aside; therefore a peremptory mandamus should be awarded.