WILLIAM WATSON, Appellant, *v.* DAVID L. GARDINER, Respondent.

A judgment should not be set aside on account of an improper taxation of costs, or a taxation without notice. A readjustment should be ordered, and the amount of reduction, if any, be deducted from the judgment.

Where two causes of action are set forth in the complaint, and the defendant succeeds in his defence to one of them, but a judgment is obtained against him upon the other, he is not entitled to costs for the successful defence.

Where, in a case tried by a referee, there is no stipulation as to referee fees, it is incumbent upon the party succeeding to show, affirmatively, that the referee was personally present, engaged in the reference, for days enough to make, at the rate of three dollars per day, the sum charged in the bill of costs.

An allowance of ten dollars motion costs, to abide the event in an order granting a reference, is proper.

(Argued November 12, 1872; decided November 19, 1872.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing an order of Special Term, which set aside a judgment in favor of plaintiff, and directed a readjustment of costs therein.

The complaint contained two causes of action for professional services of plaintiff as attorney. The referee decided the first in favor of plaintiff and sustained the defence to the second. Upon the taxation of costs defendant presented a bill of costs, claiming he was entitled to them under 2 R. S., 617, § 26. He also objected to the charge in plaintiff's bill for referee fees. The charge was $275. No stipulation was made as to his fees. No proof was made by plaintiff as to the number of days employed by him. It was shown by defendant's affidavit that but thirty-eight days were expended in the trial, including adjournments. By the order of refer-ence, ten dollars costs of motion were allowed, to abide event. The clerk taxed plaintiff's costs as presented, and refused to tax defendant's costs, and judgment was perfected accordingly. The Special Term, upon motion, set aside the judgment, referred back plaintiff's costs for readjustment, directing that the referee's fees be taxed according to the time occupied by him, and to be apportioned between the parties according to the time devoted to each cause of action; that neither party be allowed the ten dollars motion costs, and that defendant be allowed his costs incurred upon the cause of action wherein he succeeded. *Held*, that the judgment should not have been set aside, but a readjustment ordered; that sections 30 and 305 of the Code superseded the provisions of 2 R. S., 617, § 26 (affirming decision in *Stoddard* v. *Clarke*, 9 Abb. [N. S.], 310), and defendant was not entitled to costs; that the referee was only entitled to three dollars per day for the time employed, which plaintiff should show affirmatively, and that plaintiff was entitled to the ten dollars motion costs.

*A. R. Dyatt* for the appellant.

*William Watson* for the respondent.

Per curiam opinion for modifying order of General Term as follows: Said order to stand affirmed as far as it reverses that portion of the order of Special Term setting aside plaintiff's judgment, giving costs to defendant and refusing ten dollars motion costs to either party; and reversed so far as it reverses the other part of the order of Special Term, without costs to either party in this court.

All concur.

Ordered accordingly.