## DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM.

## June, 1883.

---

IRVING C. COOPER AND OTHERS, APPELLANTS, *v.* WILLIAM JOLLY, RESPONDENT, IMPLEADED, ETC.

*Costs — right of the defendant to costs, when the plaintiff recovers upon some only of several separate causes of action set forth in the complaint — Code of Civil Procedure, sec. 3234.*

In this action, brought to recover penalties for violations of the acts to prevent the adulteration and dilution of milk, the complaint set forth separately twenty-three causes of action. The answer was a general denial. Upon the trial the plaintiff, having given evidence tending to establish thirteen of the causes of action, recovered a verdict "for two counts at fifty dollars each, amounting to one hundred dollars." The defendant claimed to be entitled to tax costs in his favor under section 3234 of the Code of Civil Procedure, providing that where the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the others, each party is entitled to costs against the adverse party.

*Held*, that the claim was not well founded, as the defendant had not recovered upon any of the issues within the meaning of the said section.

APPEAL from an order made at a Special Term in Oneida county, and entered in Jefferson county, awarding the defendant costs and disbursements.

*C. W. Thompson*, for the appellants.

*Lansing & Rogers*, for the respondent.

HAIGHT, J.:

This action was for the recovery of penalties under chapter 518 of the Laws of 1864, as amended by chapter 237 of the Laws of 1878. The complaint sets forth separately twenty-three causes of action; the answer is a general denial. The case was tried at the Jefferson Circuit, and upon the trial the plaintiff gave evidence tending to establish thirteen of the penalties. The case was submitted to the jury and they rendered a verdict in the following words, viz.: "The jury say they find a verdict for the plaintiff for two counts at fifty dollars each, amounting to one hundred dollars." The clerk refused to tax defendant's costs in the action, and thereupon he made a motion at Special Term to have the same allowed. The court at Special Term ordered that the defendant recover costs against the plaintiff, and that such costs be taxed by the clerk. From such order this appeal is taken.

The right of the defendant to recover costs depends upon the construction to be given to section 3234 of the Code. The section is as follows: "In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs."

It is contended on the part of the respondent that the word *recovers*, as used in the section, is equivalent to and has the same meaning as the word *succeeds;* that the plaintiff having recovered upon the two counts, and the defendant having succeeded as to the other twenty-one counts, that he is entitled to costs. It becomes important to ascertain the legislative intent in reference to the enactment of this section. The reviser in his notes says that this part of the section quoted has been taken from section 26, title 1, chapter 10, part 3 of the Revised Statutes, with some amendments which appear to be the logical effect of the changes in the rules of pleading made by the Code of Procedure; that the Court of Appeals, in the case of *Watson* v. *Gardiner* (50 N. Y., 671), had, in substance, held that this section of the Revised Statutes was

repealed by the Code of Procedure; that the repeal is deemed to have been a mistake and the section is 'here restored.

Subdivision 2 of the section of the Revised Statutes (2 R. S., 616) referred to is as follows: "When there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which are found for him; and the defendant on those which are found in his favor." It will be observed that there is a change in the phraseology in this, that the Code provides "that if the plaintiff recovers upon one or more issues, and the defendant upon the other or others, each party is entitled to costs," etc. Whilst in the statute it is "that the plaintiff shall recover on those issues which are *found* for him, and the defendent on those which are *found* in his favor." The word "recovers" is substituted for the word "found" in the statute. We are not, however, satisfied that the change in the wording was intended to change the meaning of the rule that prevailed under the old statute. On the contrary it appears to us that the word *recovers* as used in the Code is intended to express and convey the same meaning that the word *found* did in the statute. It thus becomes important to determine what the rule was when the statute was in force. Upon this question we have numerous reported cases. In the case of *Johnson* v. *Fellows* (6 Hill, 353) the action was in replevin; the declaration contained but one count. The jury found in favor of the plaintiff as to a part of the property, and that the defendant was entitled to the residue, assessing the value of the property that the defendant was entitled to at twenty-four dollars. It was there held that the defendant was entitled to recover costs for the reason that there had been an express finding in his favor. In the case of *Crittenden* v. *Crittenden* (1 Hill, 359) the action was in ejectment; the declaration contained three counts. The jury found in favor of the plaintiff upon one of the counts and in favor of the defendant upon the other counts, and it was in that case held that the defendant was entitled to costs. In the case of the *People* v. *Feeter* (12 Wend., 480) there were several issues, and the plaintiff obtained judgment upon all the issues save one, which was found in favor of the defendant. That issue, not involving the merits, however, it was held that the defendant was not entitled to costs.

In the case of *Briggs* v. *Allen* (4 Hill, 538), which was an action

for libel, the declaration contained five counts, the third relating exclusively to the charge of malpractice. On the trial the plaintiff waived all claim for damages on account of the third count. The plaintiff obtained a general verdict. It was held that inasmuch as no separate verdict was rendered for the defendant he was not entitled to costs.

It thus appears that under the statute the rule was that in order to entitle the defendant to recover costs there must be a verdict or finding in his favor upon one or more of the counts set forth in the declaration; that where there was a general verdict in favor of the plaintiff, and no separate verdict rendered for the defendant, he could not recover costs. Applying the same rule to the section of the Code under consideration it follows that there must be a separate and distinct recovery on the part of the defendant in order to entitle him to costs. In this case there was no such recovery. The plaintiff had a general verdict upon two counts of fifty dollars upon each, making $100 in all. The counts upon which the jury found in favor of the plaintiff are not specified. It is a general verdict in his favor to that extent.

Our conclusion is that the defendant is not entitled to costs, and that the order must be reversed, with ten dollars costs and disbursements.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.