HANNAH BARLOW, APPELLANT, *v.* WILLIAM J. BARLOW, RESPONDENT.

*Costs — when the defendant is not entitled to costs, although he succeeds upon some of the issues — Code of Civil Procedure, sec. 3234 — costs cannot be taxed for an attachment which has been set aside.*

The complaint set forth two causes of action: the first upon a promise made by the defendant to pay an agreed price for work and labor performed and rendered by the plaintiff prior to March, 1868; the second upon an implied promise to pay for work and labor performed and rendered by her after that time and prior to 1880. Upon the trial before a referee she recovered upon the first, but not upon the second cause of action. The court directed that the defendant's costs be taxed and set off against the plaintiff's judgment.
*Held*, that this was error.
That the defendant was not entitled to recover costs as the substantial cause of action was the same upon each issue, within the meaning of these terms as used in section 3234 of the Code of Civil Procedure, and because the defendant had not "recovered" upon any issue within the meaning of the said section.
*Cooper* v. *Jolly* (30 Hun, 224) followed.
Where the plaintiff is entitled to recover the costs of the action, he cannot include therein items for issuing and serving a writ of attachment which was subsequently set aside as having been improperly granted.

APPEAL by the plaintiff from an order, made at a Special Term, denying plaintiff's motion for a retaxation and disallowance of costs to defendant, and granting defendant's motion to set off his costs in the action against plaintiff's recovery, and striking out part of plaintiff's costs as taxed.

*D. Bearup*, for the appellant.

*Wayland F. Ford*, for the respondent.

BY THE COURT:

The plaintiff, on a trial before a referee, recovered $748.46. The complaint specified, as one cause of action, an indebtedness to her from defendant for work and labor rendered by her prior to March, 1868, at $600, an agreed price. Upon this cause of action the recovery was had.

Another cause of action is contained in the complaint for the value of work and labor from March, 1868 to 1880, rendered by plaintiff for defendant and at his request. The decision on the latter count was in favor of the defendant.

Now, although separately stated, "the substantial cause of action was the same upon each issue." To use the language of section 3234 of Code, it was an action to recover for work and labor rendered by plaintiff to the defendant between 1860 and 1880, at the defendant's request. As to a portion of the time (from 1860 to 1868), the value of the services had been fixed and agreed upon at $600. For the remaining time no value had been agreed upon and so a contract was implied to pay what the services were reasonably worth. There were two elements in such cause of action, to wit: 1st. The rendition for defendant of the services. 2d. The value of such services. The rendition of services is proved for the whole period; the value up to 1868 is proved by an express contract, after that by an implied contract. But the plaintiff fails to recover for the last period because she cannot show facts from which a contract can be implied. Her recovery for that is defeated. The defendant does not recover either in form or fact. It is analogous to *Bull* v. *Ketchum* (2 Denio, 188).

The cases of *Stoddard* v. *Clarke* (9 Abb. [N. S.], 310) and *Watson* v. *Gardiner* (50 N. Y., 671) do not apply since the provisions of 2 Revised Statutes (Eds. ed.), 641, section 26 had been repealed by the then Code (Code of Pro., § 303), and a new rule (§ 305) substituted. Since then there is a general judgment and recovery by plaintiff and no judgment or recovery for the defendant, the case is not brought within the language or spirit of section 3234.

But if it be adjudged that the complaint set forth two causes of

action, upon one only of which the plaintiff recovers, yet the defendant is not entitled to costs because he has not recovered upon any issue within the above section. Such seems to be the fair deduction from *Cooper* v. *Jolly* (30 Hun, 224), reversing the opinion upon which the learned judge relied at Special Term. This makes it necessary to reverse that part of the order allowing defendant's costs to be adjusted and the amount set off against plaintiff's judgment. This leaves unconsidered and undisposed of the necessity and effect of the certificate required by section 3234. The case last cited does not allude to it, nor perhaps was it necessary to do so.

That portion of the order striking out from plaintiff's costs the items of forty-two dollars and ninety-six cents and seventeen dollars, arising out of the issuing and service of an attachment which was afterwards set aside as improperly granted is correct, and should be affirmed. An attachment set aside ceases to be an attachment. It is as though no attachment had ever been issued. The reasoning and authority of the learned judge at Special Term upon that subject are conclusive.

The part of the order allowing defendant's costs is reversed. The part of the order disallowing plaintiff's costs on attachment is affirmed. No costs are allowed to either party on this appeal.

Present — HARDIN, P. J., BOARDMAN and FOLLETT, JJ.

That part of the order allowing defendant's costs is reversed; that part of the order disallowing plaintiff's costs on attachment is affirmed. No costs or disbursements are allowed to either party on appeals from the orders.