*\* J. DANIEL ACKERMAN AND HARMON ACKERMAN,
APPELLANTS, *v.* CHARLES C. DE LUDE, RESPONDENT.*

*Costs — when each party is entitled thereto — Code of Civil Procedure, sec. 3234.*

In this action of replevin, brought to recover certain articles of clothing of the value of $352.38, alleged to have been wrongfully taken and detained by the defendant, the complaint set forth but one cause of action. Upon the trial the plaintiff recovered a judgment for $180.20, as the assessed value of so much of the clothing as was sold after a certain date, and the defendant, the plaintiffs having obtained possession of the clothing in this action, recovered a verdict for $250.20, as the assessed value of so much thereof as had been sold prior to that date, with twenty-five-dollars damages.

*Held,* that although the complaint set forth but a single cause of action, yet, as it appeared that the sales were made at different times, and that each sale did in fact constitute a separate cause of action, each party was, under section 3234 of the Code of Civil Procedure, entitled to costs, and that the clerk erred in refusing to allow costs to the defendant.

(See *Cooper* v. *Jolly,* 30 Hun, 224.—REP.)

APPEAL from an order made at a Special Term, directing the clerk of Niagara county to tax and adjust the defendant's costs and disbursements in this action.

This action was brought by the plaintiffs to recover certain chattels which they alleged belonged to them and which the defendant wrongfully took and detained, the value of the property so claimed by the plaintiffs amounting to the sum of $852.38, and con-

---

sisting of a considerable number of articles of ready-made clothing. The complaint consisted of but a single count, and the wrongful taking and detention was alleged to have occurred on February 21, 1882. The answer consisted of a denial of the charge of wrongful taking and detention, and alleged that a portion of the property only had come into the possession of the defendant as assignee of one Edwin Hart, and that the plaintiffs in the present action obtained possession of such property by proceedings in replevin, and that the defendant was the rightful owner of the chattels so replevied. The plaintiffs did obtain possession of the clothing in this action. The answer prayed for a judgment against the plaintiff for the return of the chattels so replevied. On the trial the plaintiffs recovered a verdict for the goods purchased from them by Hart in October and November, 1881, which was assessed at the value of $180.20, and the defendant recovered a verdict for the goods purchased prior to that date, which was assumed to be of the value of $250.20, with twenty-five dollars damages for the taking thereof by the plaintiffs. The defendant sought to tax his costs in the action, but the county clerk of Niagara county refused to allow him to tax them, and an appeal was therefore taken by the defendant to the Special Term, where the order appealed from was made and the present appeal was taken to review such decision.

*Louis Marshall*, for the appellants.

*Charles C. DeLude*, respondent, in person.

The following opinion was delivered by Mr. Justice DANIELS upon deciding the motion at the Special Term :

" DANIELS, J. :

" Upon the trial of this action the plaintiffs recovered a verdict for a portion of the goods, for the possession of which a suit was prosecuted. The amount recovered by them exceeded in value the sum of fifty dollars ; for the residue the defendant recovered a verdict. The value of the goods recovered by him also exceeded the sum of fifty dollars ; and also the value of those recovered by the plaintiffs. The defendant was disallowed costs by the clerk, and the disallowance is relied upon as erroneous in support of the motion.

" By section 3234 of the Code of Civil Procedure costs are allowed

to each of the parties when the complaint sets forth separately two
or more causes of action upon which issues of fact are joined when
the plaintiff recovers upon one or more of the issues and the defend-
ant recovers upon the other or others of the issues. The plaintiff
in this action did not set forth separately two or more causes of
action, but did include all the goods, the title of which came in
controversy during the trial, and which were disposed of by the
verdict of the jury. These goods were sold by the plaintiffs at dif-
ferent times, and those delivered in pursuance of each sale did, in
fact, constitute and form different causes of action, and it is because
of that circumstance that the jury were able to divide the recovery
as they did by their verdict, but, inasmuch as the complaint did not
separately set forth these two causes of action, the right of the defend-
ant to costs has been resisted, and *Stoddard* v. *Clarke* (9 Abb. Pr.
[N. S.], 310), *Vowles* v. *Murray* (50 How., 159) and *Watson* v. *Gardi-
ner* (50 N. Y., 671) are urged in support of this position. But they
were decided under the Code of Procedure, which contained no
such directions as are included within section 3234 of the present
Code, and that circumstance materially distinguishes them from the
present case. This section of the Code of Civil Procedure is in its
substance and effect the same as the provisions which were con-
tained in the Revised Statutes upon the same subject. They
directed that each of the parties should recover costs when there
were two or more distinct causes of action in separate counts. That
the plaintiff should recover costs on those issues found for him,
and the defendant on those found in his favor (2 R. S. [Edmunds'
ed.], 641, § 28), and under this authority in *Seymour* v. *Billings*
(12 Wend., 285) it was held where the result was similar to that in
this action, that each party was entitled to costs. In that case there
were not separate counts in the declaration, but it was substantially
as the complaint was in this action, for the recovery of the posses-
sion of property alleged to have been wrongfully withheld by the
pefendant, but the court did not regard the form of the declaration
as a legal obstacle to the right of the defendant to costs under this
provision of the statute, and as it was not so in that case it could
not be in this, arising under a similar provision contained in the
present Code. In *Stoddard* v. *Clarke* (*supra*) it was conceded that
each party would have been entitled to costs if the Code of Proce-

dure had contained the provision now embodied in section 3234 of the Code of Civil Procedure. That, under the present law, is consequently so far an authority in favor of the defendant's right to costs, and it is substantially maintained by *Seymour* v. *Billings*, because of the identity of its controlling circumstances with those existing in this case.

The trial of the action, including the rendition of the verdict, consumed more than two days, and the trial fee allowed by the clerk in the plaintiffs' bill of costs was therefore correct, but as no additional compensation was provided by any action of the court or a justice thereof for the trouble and expenses of the sheriff in taking possession of and preserving the property, only those items specially allowed for the services could be included in his bill. (Code Civ. Pro., § 3307, subdiv. 2.) The plaintiffs' bill must correspondingly be reduced, unless authority for this allowance shall be obtained in the manner so provided.

"An order to that effect will be entered, also allowing the defendant to tax and recover costs in this action."

Present — HAIGHT, BRADLEY, ANGLE and CHILDS, JJ.

Order affirmed, with ten dollars costs and disbursements on the opinion of DANIELS, J., at Special Term.