37   237
61   355

HIRAM W. KILBURN, RESPONDENT, v. FRANK S. LOWE, AS SHERIFF OF OSWEGO COUNTY, APPELLANT.

*Costs in an action of replevin — when the defendant is not entitled to costs although he recovers back a part of the articles replevied by the plaintiff — Code of Civil Procedure, sec. 3234.*

The plaintiff brought this action to recover certain articles of personal property, or their value, which the defendant, a sheriff, had levied upon under an execution against one Palmer. The complaint contained but a single count. The referee decided that the plaintiff was entitled to recover certain of the articles, of the value of $293, which had been transferred to him by the debtor's wife; that the other articles transferred to him by the debtor, of the value of $393, were the property of the debtor, and that the defendant had acquired a special

property therein to the amount of the execution ($108), the plaintiff being the general owner thereof subject to defendant's lien thereon.

*Held*, that the case was not one in which each party was entitled, under section 3234 of the Code of Civil Procedure, to costs against the adverse party, and that the plaintiff only was entitled to recover them.

APPEAL from an order, made at a Special Term, granting a motion for a retaxation of costs and striking from the judgment those awarded to the defendant.

The defendant, as sheriff, held an execution against one Samuel Palmer, and December 5, 1878, levied upon several articles of personal property, to recover which the plaintiff brought this action of replevin, claiming title to all of the articles. The complaint contains but a single count or cause of action. The value of the articles are not separately stated in the complaint, but it is alleged that all of the articles were, at the date of the seizure, worth $400. Judgment is demanded in the complaint for the return of the property, or for its value in case a return cannot be had, and for fifty dollars damages for the detention thereof. The property remained in possession of the plaintiff during the pendency of the action. The defendant alleged that the articles seized were the property of the judgment debtor and justified his seizure under the execution and demanded a judgment for the return of the property. The action was tried before a referee, who decided that the plaintiff was the legal owner of some of the articles described in the complaint, and that the aggregate value of such articles at the time of the seizure was $293 and that plaintiff was entitled to six cents damages for their detention, but that some of the articles, of the aggregate value of $393 at the time of their seizure, were the property of the judgment debtor; that the defendant acquired a special property in them to the extent of the amount due upon his execution ($108), and that the plaintiff was the general owner of those articles subject to the defendant's lien. The clerk taxed the plaintiff's costs at $437.55, and the defendant's costs at $408.16, inserted both amounts in the judgment, which directed that defendant's costs be set off against the plaintiff's. The plaintiff moved at Special Term for a retaxation of the defendant's costs, and for an order striking them from the judgment, which was granted, from which order the defendant appeals.

*George W. Bradner*, for the appellant.

*John Lansing*, for the respondent.

FOLLETT, J.:

The defendant claims that he is entitled to costs under section 3234 of the Code of Civil Procedure, which provides: "In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs."

This is one of the actions specified in section 3228, and it has not been certified that the substantial cause of action was the same in each issue. Only one cause of action is set forth in the complaint, and but one issue of fact is joined by the pleadings. The property was all taken on one occasion, by a single act, and the plaintiff had but one cause of action and consequently could not set forth two or more causes of action in his complaint.

On the trial two issues of fact were developed by the evidence, and determined by the referee: (1.) Whether the transfer of the property by the wife of the judgment debtor to the plaintiff, was an honest transfer of her own property, or a colorable transfer of property actually owned by the judgment debtor. (2.) Whether the transfer of property by the judgment debtor to the plaintiff was an honest or a fraudulent transfer. The plaintiff claimed to have acquired part of the property by one transfer, and part of it by the other. The first issue was determined in favor of the plaintiff, and the property embraced in the transfer therein mentioned was adjudged to be of the value of $293, and that plaintiff was entitled to recover it. The second issue was determined in favor of the defendant, and the value of the property described in the transfer therein mentioned was adjudged to exceed in value $108 (the amount due on the execution), and that defendant was entitled to recover it for the purpose of enforcing his execution.

The section quoted, states in plain terms that the defendant is not entitled to costs in such a case unless " the complaint sets forth

separately, two or more causes of action upon which issues of fact are joined." The apparent design was to give both parties costs in a case in which the complaint sets forth more than one cause of action, provided both parties recover upon one or more of the causes of action. In legal actions, neither party is entitled to costs unless they are given by a statute, and the courts are without power to give or withhold costs on the merits of the controversy. (*Stoddard* v. *Clarke*, 9 Abb. [N. S.], 310, 312.) The defendant in support of his position refers to *Wright* v. *Williams* (2 Wend., 632); *Seymour* v. *Billings* (12 id., 285); *Johnson* v. *Fellows* (6 Hill, 353). These cases arose under section 26 chapter 10 of part third of the Revised Statutes (2 R. S., 617), which provided : "Section 26. When there shall be several issues joined in any cause, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on another, if the plaintiff obtain judgment upon the whole record, costs shall be awarded as follows : 1. When the substantial cause of action was the same in each issue, the plaintiff shall recover the costs on those issues which were found for him, and shall not be liable to the defendant for the costs of the issue which shall have been found for such defendant. 2. When there are two or more distinct causes of action, in separate counts, the plaintiff shall recover costs on those issues which are found for him, and the defendant on those which are found in his favor."

At common law, and under the Revised Statutes, rules of pleading and practice peculiar to the action of replevin, prevailed. When both parties claimed the goods, both were deemed actors or plaintiffs. (*Coan* v. *Bowles*, 1 Show., 165, 169; S. C., Carth., 122; *Anonymous*, 2 Mod., 199; *Small* v. *Bixley*, 18 Wend., 514; *Persse* v. *Watrous*, 30 Conn., 139, 146; Wells' Replevin, § 21). When the defendant admitted and justified the taking, he was said to avow (3 Black. Com., 149; Whart. L. Dict. and Abb. L. Dic., Avowry) an avowry was in the nature of a declaration (7 Bac. Abr. [7th ed.] 103, title "Replevin and Avowry"; Whart. L. Dic., Avowry), which required a reply from the plaintiff. and in default of one, the defendant was entitled to a judgment. (*People ex rel. Lownds* v. *N. Y. Com. Pleas*, 2 Wend., 644.)

The section of the Revised Statutes above quoted did not, like the Code, require the several causes of action to be separately set forth

in the declaration, but it was sufficient if the several causes of action were contained in separate counts. An avowry, was held to be in effect, a declaration, a separate count, a cause of action (*Coan* v. *Bowles, supra; Butt's Case,* 7 Coke, 24 *b*; 6 Robt. Pr., 539; 1 Saund. [5th ed.], 347 *b*, note 3; 2 Sel. N. P. [13th ed], 1153); and if upon such issues (both parties presenting affirmative ones) both recovered, both are entitled to costs. The cases under the Revised Statutes are not applicable to the Code, or to the rules of pleading and practice established by it. The section of the Revised Statutes above quoted was superseded by the old Code (*Stoddard* v. *Clark,* 9 Abb. [N. S.], 310; *Watson* v. *Gardiner,* 50 N. Y., 671), and was expressly repealed by chapter 245, Laws of 1880.

*Ackerman* v. *De Lude* (20 N. Y. W. Dig., 544)* is not fully reported, but it seems from the meager report that goods were replevied which were alleged to have been purchased at different times with a preconceived design not to pay for them. The complaint contained but a single count. Some of the purchases were held fraudulent, and others not; and each party recovering goods valued at more than fifty dollars, both were held to be entitled to costs.

When two or more independent causes of action are improperly united in a single count, and the defendant is unnecessarily put to the expense of defending a cause of action upon which he recovers, it may be that the Code is broad enough to give him costs, upon the theory that the record, at the conclusion of the trial, necessarily separates the causes of action, and that the defendant shall not be deprived of costs by the fault of the plaintiff. But this is not such a case. This plaintiff had but a single cause of action, and consequently could not set forth more. It may be that in a case like the one at bar, each party should be given costs, but the statute has not so provided, and the court is without power to go beyond the statute.

(See *Cooper* v. *Jolly,* 30 Hun, 224; *Williard* v. *Strachan,* 3 Brown Civ. Pro. R., 452.)

The order is affirmed, with ten dollars costs and disbursements.

HARDIN, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

* 36 Hun, 44. — [REP.