THE NEWELL UNIVERSAL MILL COMPANY, Appellant, v. JANE B. MUXLOW, Respondent.

Where the complaint in an action to recover possession of several chattels contains but one count and the answer sets up several defenses, some covering the whole property, others applying only to a portion thereof, and both parties succeed as to part of the property replevied, the defendant is not entitled to costs.

The right to costs in such cases is governed exclusively by the provision of the Code of Civil Procedure (§ 3234), which provides that in an action specified "wherein the complaint sets forth *separately two or more causes of action,* upon which issues of fact are joined, if the plaintiff recovers upon one or more * * * and the defendant upon the other or others, each party is entitled to costs" unless a certificate, as specified, is given, and under this provision the right of defendant to costs depends upon the condition that the plaintiff has, by this complaint, set forth "separately two or more causes of action."

The provision of the said Code (§ 1728) authorizing the defendant in such an action to recover for a portion of the chattels replevied, although plaintiff recovers for others, and prescribing the form of judgment, has no bearing upon the question of costs.

The rules of pleading and practice at common law and under the Revised Statutes, peculiar to the action of replevin, were superseded by the Code of Procedure.

*It seems* that defendant may, by an offer of judgment, throw upon plaintiff the responsibility for costs of an unsuccessful litigation as to any chattel described in the complaint.

*Ackerman* v. *De Lude* (36 Hun, 44) overruled.

Reversed, 51 Hun, 453.

(Argued June 18, 1889; decided June 25, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 28, 1888, which affirmed an order of Special Term denying a motion to compel the clerk of the county of New York to tax and enter in the judgment herein the defendant's costs.

The nature of the action and the material facts are stated in the opinion.

*George C. Holt* and *George P. Goodel* for appellant. To entitle a defendant to costs under section 3234 of the Code of Civil Procedure, the complaint must set forth separately two or more causes of action. (2 R. S. [2d ed.] 572, § 27; *Kilburn* v. *Lowe*, 37 Hun, 237; *Seymour* v. *Billings*, 12 Wend. 285; *Bull* v. *Ketcham*, 2 Denio, 190; *Johnston* v. *Wells*, 6 Hill, 353; *Wright* v. *Williams*, 2 Wend. 632; *Tatem* v. *Adams*, 2 Cush. 180; *Martin* v. *Martin*, 3 How. Pr. 202; *Burnham* v. *Tibbits*, 7 id. 74; *Niles* v. *Lindsley*, 1 Duer, 612; *Dunckel* v. *Farley*, 1 How. 180; *Dempsey* v. *Hall*, 3 J. & S. 201.) The complaint sets forth but one cause of action. (Boone on Pleading, § 38; *Thayer* v. *Holland*, 63 How. 180; *Bridenbecker* v. *Mason*, 16 id. 203; *Hall* v. *Northrop*, 9 id. 525; *Cochran* v. *Gottwald*, 40 N. Y. 442; *Stoddard* v. *Clark*, 9 Abb. [N. S.] 310.) Assuming that the form of the complaint does not determine the defendant's

right to costs under section 3234 of the Code, it does determine it by reason of the form of the defendant's motion. (*Lawrence* v. *Hunt*, 10 Wend. 84; *Jackson* v. *Wood*, 3 id. 39; *Ryer* v. *Atwater*, 4 Day, 433.) Before a defendant is entitled to costs under section 3234 of the Code of Civil Procedure it must appear that he has recovered upon one or more of the causes of action, and that his recovery is based upon an issue of fact. (*Crosley* v. *Cobb*, 42 Hun, 166; *Blashfield* v. *Blashfield*, 41 id. 249; *Willard* v. *Strachan*, 3 Civil Pro. 452; *Bull* v. *Ketcham*, 2 Denio, 188; *Ackerman* v. *De Lude*, Abb. An. Dig. 1888, 77.)

*Edward P. Wilder* for respondent. The respondent having secured an affirmative recovery as to the far greater portion of the chattels, is entitled to costs under Code, section 3234. (Code, subd. 2, § 3228; 5 Wait's Actions and Defenses, 498, §§ 25, 28; *Blashfield* v. *Blashfield*, 41 Hun, 250.) In an action to recover several chattels capable of being separated and of raising separate issues, each chattel is a separate cause of action, whether so stated in the complaint or not. (Code, § 1728; *Wright* v. *Williams*, 2 Wend. 632; *Seymour* v. *Billings*, 12 id. 285; *Johnston* v. *Wells*, 6 Hill, 353.) Section 3234 of the Code is in no way different from section 26, chapter 10, part 3 of the Revised Statutes. (*Wright* v. *Williams*, 2 Wend. 632; *Seymour* v. *Billings*, 12 id. 285; *Johnston* v. *Fellows*, 6 Hill, 353; *Willard* v. *Strachan*, 3 Civ. Pro. Rep. 452; *Cooper* v. *Jolly*, 30 Hun, 225; *Ackerman* v. *De Lude*, 36 id. 44.) No supposed technical informality of the verdict, in its omission to declare the value of the chattels restored to the defendant, deprives her of her statutory right to costs. (Code, § 3228, subds. 2, 4, §§ 3229, 3234.) The informality of the verdict in awarding the chattels to the defendant will not suffice to confuse this court as to the real defendant intended. (*Haight* v. *Haight*, 7 Hun, 87.)

RUGER, Ch. J. This case presents the question of the right of a defendant to costs, in an action for chattels, when both

parties succeed as to a part of the property replevied. The complaint contained but one count and one cause of action, and alleged ownership by the plaintiff of several articles of property, and the possession and wrongful detention thereof by the defendant, and demanded judgment for the recovery of the possession of such property. The defendant Jane B. Muxlow alone defended on the merits and alleged several defenses to the action ; some concerning the whole property, and others applying to a portion thereof only. Upon a trial the plaintiff obtained a verdict for a portion of the property claimed, and the defendant for the remainder. Upon this state of facts the clerk refused to tax costs in favor of the defendant and that refusal was sustained by the Special Term. On appeal, however, to the General Term the decision of the Special Term was reversed and the motion for costs to defendant granted. We think the General Term erred in its disposition of the case. The right to costs in such cases is regulated exclusively by the provisions of section 3234 of the Code of Civil Procedure, which reads as follows: "In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the causes of action and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case plaintiff only is entitled to costs." The language of this section refers to actions to recover chattels, and seems to be plain and unambiguous. It declares explicitly that the right of the defendant to costs depends upon the condition that the plaintiff has, by his complaint, separately set forth two or more causes of action upon which issues of fact have been joined, and, even when such is the case, the defendant is not entitled to costs when it is certified that the substantial cause of action was the same upon each issue.

We are unable to concur in the course of reasoning adopted by the court below, by which, in analogy to the rules pertain-

ing to the former action of replevin, a claim of title by the defendant must be considered the statement of a cause of action in separate counts, bringing him within the provisions of section 3234, entitling him to costs. The action of replevin was abolished by the Code of Procedure, and its peculiar and distinctive features suspended by the rules of practice therein provided for the conduct of actions of claim and delivery. Analogies drawn from the characteristics of the former action of replevin are not sufficient to overthrow or vary the clear and explicit language contained in section 3234. (*Kilburn* v. *Lowe*, 37 Hun, 233.) The contention of the respondent would require a reconstruction of this section by striking out the words " wherein the complaint sets forth separately two or more causes of action," and inserting in place thereof the words " that in all actions to recover two or more chattels, each chattel shall constitute a separate cause of action, and an issue thereon raised, either by answer or proof, shall create a separate statement of a cause of action." Such a change in the language of an unambiguous statute is not justified by any rule of construction, and is authorized only by an exercise of legislative power.

Two cases in the Supreme Court, directly upon the point in issue, are cited, and they are antagonistic. (*Ackerman* v. *De Lude*, 36 Hun, 44; *Kilburn* v. *Lowe*, *supra*.) We are of the opinion that the views expressed in the latter case are correct. The argument by which the learned court in deciding that case reached its conclusion is so clear and concise that we have preferred to adopt its language rather than use more elaborate expressions: "At common law, and under the Revised Statutes, rules of pleading and practice peculiar to the action of replevin prevailed. When both parties claimed the goods, both were deemed actors or plaintiffs. (*Coan* v. *Bowles*, 1 Show. 165, 169; *S. C.*, Carth. 122; *Anonymous*, 2 Mod. 199; *Small* v. *Bixley*, 18 Wend. 514; *Persse* v. *Watrous*, 30 Conn. 139, 146; Wells' Replevin, § 21.) When the defendant admitted and justified the taking, he was said to avow (3 Black. Com. 149; Whart. L. Dict. and Abb. L. Dict., Avowry); an avowry was

in the nature of a declaration (7 Bac. Abr. [7th ed.] 103, title 'Replevin and Avowry;' Whart. L. Dict., Avowry), which required a reply from the plaintiff, and, in default of one, the defendant was entitled to a judgment. (*People ex rel. Lownds* v. *N. Y. Com. Pleas*, 2 Wend. 644.) The section of the Revised Statutes above quoted did not, like the Code, require the several causes of action to be separately set forth in the declaration, but it was sufficient if the several causes of action were contained in separate counts. An avowry was held to be, in effect, a declaration, a separate count, a cause of action (*Coan* v. *Bowles, supra; Butt's Case*, 7 Code, 24 b; 6 Robt. Pr. 539; 1 Saund. [5th ed.] 347 b, note 3; 2 Sel. N. P. [13th ed.] 1153); and if, upon such issues (both parties presenting affirmative ones), both recovered, both are entitled to costs. The cases under the Revised Statutes are not applicable to the Code, or to the rules of pleading and practice established by it. The section of the Revised Statutes above quoted was superseded by the old Code (*Stoddard* v. *Clarke*, 9 Abb. [N. S.] 310; *Watson* v. *Gardiner*, 50 N. Y. 671), and was expressly repealed by chapter 245, Laws of 1880."

Section 1728 has no bearing upon the question of costs. That was intended to enable a defendant to recover for a portion of the chattels replevied, although the plaintiff should recover for others, and authorized such an amendment of the pleadings as the rights of the parties required. It was not intended by that section to render the express requirements of section 3234 nugatory, which would be the case if the contention of the respondent be adopted. No injustice can result to a defendant by the rule adopted, as by an offer of judgment he can always throw upon the plaintiff the responsibility for costs incurred in prosecuting an unsuccessful litigation as to any article of property described in the complaint.

The order of General Term should be reversed and that of Special Term affirmed, with costs.

All concur.

Ordered accordingly.